**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BELL SEMICONDUCTOR, LLC<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICRON TECHNOLOGY, INC.;<br>ADVANCED MICRO DEVICES, INC.;<br>CDW CORPORATION; DELL<br>TECHNOLOGIES INC.; HP INC.; and<br>NVIDIA CORPORATION<br><br>　　　　　　Defendants. | **Civil Action No.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bell Semiconductor, LLC ("Bell Semic" or "Plaintiff") brings this Complaint against Defendant Micron Technology Inc. ("Micron") for infringement of U.S. Patent No. 6,818,953 ("the '953 patent"); U.S. Patent No. 7,345,245 ("the '245 patent"); U.S. Patent No. 7,646,091 ("the '091 patent"); U.S. Patent No. 8,049,340 ("the '340 patent"); U.S. Patent No. 8,288,269 ("the '269 patent"); and U.S. Patent No. 8,319,343 ("the '343 patent") (collectively, the "Asserted Patents"). Plaintiff also brings this Complaint against the remaining Defendants, who are customers of Micron and/or retailers of the products of Micron or its customers. Plaintiff, on personal knowledge of its own acts, and on information and belief as to all others based on investigation, alleges as follows:

## SUMMARY OF THE ACTION

1.　　　This is a patent infringement suit relating to Micron's unauthorized and unlicensed use of the Asserted Patents. The circuit design methodologies claimed in the Asserted Patents are used by Micron in the production of one or more of its semiconductor chips,

including its T15SB1 and DM02A1 SSD Controllers, used in, among other things, Solid State Hard Drives and graphics cards including at least the Micron 2200, Micron 3400, and Crucial P5 Plus Solid State Hard Drives; its MT41K512 M8RH 4GB DDR3 SDRAM (D9QBJ); and its GDDR5, GDDR6, and GDDR6X products, including without limitation its MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM; (each a "Micron Accused Product"), used on, among other products, graphics cards; and graphics cards, solid state hard drives, and computers incorporating such graphics cards and/or solid state drives manufactured, sold, used, and/or offered for sale by Micron and/or its downstream customers, including the other Defendants.

2.      Bell Semic brings this action to put a stop to the Defendants' unauthorized and unlicensed use of the inventions claimed in the Asserted Patents.

## THE PARTIES

3.      Plaintiff Bell Semic is a limited liability company organized under the laws of the State of Delaware with a place of business at One West Broad Street, Suite 901, Bethlehem, PA 18018.

4.      Bell Semic stems from a long pedigree that began at Bell Labs. Bell Labs sprung out of the Bell System as a research and development laboratory, and eventually became known as one of America's greatest technology incubators. Bell Labs employees invented the transistor in 1947 in Murray Hill, New Jersey. It was widely considered one of the most important technological breakthroughs of the time, earning the inventors the Nobel Prize in Physics. Bell Labs made the first commercial transistors at a plant in Allentown, Pennsylvania. For decades, Bell Labs licensed its transistor patents to companies throughout the world, creating a technological boom that led to the use of transistors in the semiconductor devices prevalent in most electronic devices today.

5.      Bell Semic, a successor to Bell Labs' pioneering efforts, owns over 1,900 worldwide patents and applications, approximately 1,500 of which are active United States patents. This patent portfolio of semiconductor–related inventions was developed over many years by some of the world's leading semiconductor companies, including Bell Labs, Lucent Technologies, Agere Systems, and LSI Logic and LSI Corporation ("LSI"). This portfolio reflects technology that underlies many important innovations in the development of semiconductors and integrated circuits for high–tech products, including smartphones, computers, wearables, digital signal processors, IoT devices, automobiles, broadband carrier access, switches, network processors, and wireless connectors.

6.      The principals of Bell Semic all worked at Bell Labs' Allentown facility, and have continued the rich tradition of innovating, licensing, and helping the industry at large since those early days at Bell Labs. For example, Bell Semic's CTO was a LSI Fellow and Broadcom Fellow. He is known throughout the world as an innovator with more than 300 patents to his name, and he has a sterling reputation for helping semiconductor fabs improve their efficiency. Bell Semic's CEO took a brief hiatus from the semiconductor world to work with Nortel Networks in the telecom industry during its bankruptcy. His efforts saved the pensions of tens of thousands of Nortel retirees and employees. In addition, several Bell Semic executives previously served as engineers at many of these companies and were personally involved in creating the ideas claimed throughout Bell Semic's extensive patent portfolio.

7.      On information and belief, Micron is a public corporation organized and existing under the laws of Delaware with its principal place of business at 8000 S. Federal Way, Boise, Idaho.

8.       On information and belief, Defendant Advanced Micro Devices, Inc. ("AMD") is a public corporation organized and existing under the laws of Delaware with its principal place of business at 2485 Augustine Drive, Santa Clara, California.

9.       On information and belief, Defendant CDW Corporation ("CDW") is a public corporation organized and existing under the laws of Delaware with its principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois.

10.       On information and belief, Defendant Dell Technologies Inc. ("Dell") is a corporation incorporated under the laws of Delaware with its principal place of business at One Dell Way, Round Rock, Texas.

11.       On information and belief, Defendant HP Inc. ("HP") is a public corporation organized and existing under the laws of Delaware with its principal place of business at 1501 Page Mill Road, Palo Alto, California.

12.       On information and belief, NVIDIA Corporation ("NVIDIA") is a public corporation organized and existing under the laws of Delaware with its principal place of business and headquarters at 2701 San Tomas Expressway, Santa Clara, California.

## JURISDICTION AND VENUE

13.       This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.       This Court has personal jurisdiction over Micron under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

15.       On information and belief, venue is proper in this Court as to Micron pursuant to 28 U.S.C. §§ 1391 and 1400 because Micron has committed, and continues to commit, acts of

infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

16.     This Court has personal jurisdiction over AMD under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

17.     On information and belief, venue is proper in this Court as to AMD pursuant to 28 U.S.C. §§ 1391 and 1400 because AMD has committed, and continues to commit, acts of infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

18.     This Court has personal jurisdiction over CDW under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

19.     On information and belief, venue is proper in this Court as to CDW pursuant to 28 U.S.C. §§ 1391 and 1400 because Dell has committed, and continues to commit, acts of infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

20.     This Court has personal jurisdiction over Dell under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

21.     On information and belief, venue is proper in this Court as to Dell pursuant to 28 U.S.C. §§ 1391 and 1400 because Dell has committed, and continues to commit, acts of infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

22.     This Court has personal jurisdiction over HP under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

23.     On information and belief, venue is proper in this Court as to HP pursuant to 28 U.S.C. §§ 1391 and 1400 because Dell has committed, and continues to commit, acts of infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

24.     This Court has personal jurisdiction over NVIDIA under the laws of the State of Delaware, due at least to its substantial business in Delaware and its status as a corporate entity organized and existing under the laws of the state of Delaware.

25.     On information and belief, venue is proper in this Court as to NVIDIA pursuant to 28 U.S.C. §§ 1391 and 1400 because Dell has committed, and continues to commit, acts of infringement in this District and is a resident of the State of Delaware and this District at least because it is an entity organized and existing under the laws of the State of Delaware.

26.     Venue is also convenient in this District. This is at least true because of this District's close ties to this case—including the technology, relevant witnesses, and sources of proof noted above—and its ability to quickly and efficiently move this case to resolution as to all Defendants in one action.

27.     On information and belief, each of Defendants has derived substantial revenues from its infringing acts occurring within the State of Delaware and within this District.

## U.S. PATENT NO. 8,049,340

28.     Bell Semiconductor owns by assignment the entire right, title, and interest in the '340 patent, entitled "Device for Avoiding Parasitic Capacitance in an Integrated Circuit Package," which issued on November 1, 2011.

29.     The '340 patent issued to inventors Jeffrey Hall, Shawn Nikoukary, Amar Amin, and Michael Jenkins from United States Patent Application No. 11/277,188, filed March 22, 2006. A true and correct copy of the '340 patent is attached as Exhibit A.

30.     The '340 patent is directed to solving the problem of signal deterioration in integrated circuits such as a serializer/deserializer. At high frequencies, "the parasitic capacitance between transmit (Tx) and receive (Rx) contact pads in the contact pad layer and nearby metal layers of the integrated circuit package may result in a deterioration of the signal waveform and a correspondingly reduced circuit performance." Ex. A at 2:52-60.

31.     Parasitic capacitance results when parts in an electronic circuit are proximate one another, potentially leading to interference with the input or output to a device. Reducing parasitic capacitance has become increasingly necessary as integrated circuit devices, particularly high-speed devices, have included more external connections.

32.     The '340 patent identifies the shortcomings of the prior art. More specifically, the specifications describe that "metal layers that have a relatively large metal area may produce significant parasitic capacitance." Parasitic capacitance between, e.g., the ball pad and the routing metal layer or between the underlying ball pad and the ground return metal layer can produce "distortion of the switching waveform of high-frequency signals used, for example, in serializing/deserializing devices (SERDES). As a result, the maximum operating frequency that may be used in the integrated circuit is disadvantageously limited . . . ." *Id.* at 3:21-25.

33.     To reduce parasitic capacitance in the multi-layer packages, the '340 patent teaches the use of cutouts over the electrical contacts in electrically conductive layers to substantially avoid overlap between the electrical contacts and metal in the electrically conductive layers.

34.     The '340 patent contains 3 independent claims and 19 total claims, covering an integrated circuit substrate. Claim 1 reads:

> 1. An integrated circuit package substrate comprising:
>
> > a first and a second electrically conductive layer separated from each other by an electrically insulating layer with no intermediate conductive layer therebetween;
> >
> > a plurality of rows of contact pads formed in the first electrically conductive layer for making a direct connection between the integrated circuit package substrate and a printed circuit board; and
> >
> > a plurality of cutouts formed in the second electrically conductive layer for reducing parasitic capacitance between the second electrically conductive layer and the first electrically conductive layer,
> >
> > wherein each cutout encloses an electrically insulating area within the second electrically conductive layer, and
> >
> > wherein each electrically insulating area completely overlaps a corresponding one of the contact pads formed in the first electrically conductive layer such that there is substantially no overlap of the rows of contact pads with metal in the second electrically conductive layer.

35.     This claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, e.g., increasing the maximum operating frequency that may be used in integrated circuits relative to prior art designs.

## U.S. PATENT NO. 8,288,269

36.     Bell Semiconductor owns by assignment the entire right, title, and interest in the '269 patent, entitled "Methods for Avoiding Parasitic Capacitance in an Integrated Circuit Package," which issued on October 16, 2012.

37.     The '269 patent issued to inventors Jeffrey Hall, Shawn Nikoukary, Amar Amin, and Michael Jenkins from United States Patent Application No. 13/252,632, filed October 4, 2011. A true and correct copy of the '269 patent is attached as Exhibit B.

38.     The '269 patent is related to and shares an identical specification with the '340 patent. Where the '340 patent claims apparatuses for minimizing parasitic capacitance, the '269 patent claims methods for directed to the same general problem. More particularly, in order to reduce parasitic capacitance in the multi-layer packages, the '269 patent teaches the use of cutouts over the electrical contacts in electrically conductive layers to eliminate substantial overlap between the electrical contacts and metal in the electrically conductive layers.

39.     The '269 patent contains 2 independent claims and 20 total claims, covering an integrated circuit substrate. Claim 1 reads:

> 1. A method, comprising steps of:
>
> forming a first electrically conductive layer including a plurality of rows of contact pads;
>
> forming an electrically insulating layer on the first electrically conductive layer; and
>
> forming a second electrically conductive layer over the electrically insulating layer such that there is no intermediate conductive layer between the first and second electrically conductive layers, the second electrically conductive layer comprising metal and a plurality of cutouts wherein each cutout encloses an electrically insulating area within the second electrically conductive layer and wherein each electrically insulating area completely overlaps a corresponding one of the contact pads such that there is substantially no overlap of the rows of contact pads with metal in the second electrically conductive layer.

40.     Similar to the '340 patent, this claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, e.g., increasing the maximum operating frequency that may be used in integrated circuits relative to prior art designs

**U.S. PATENT NO. 7,345,245**

41.     Bell Semiconductor owns by assignment the entire right, title, and interest in the

'245 patent, entitled "Robust High Density Substrate Design for Thermal Cycling Reliability,"

which issued on March 18, 2008.

42.     The '245 patent issued to inventors Anand Govind, Zafer Kutlu, and Farsad

Ghanghahi from United States Patent Application No. 10/681,554, filed October 8, 2003. A true

and correct copy of the '245 patent is attached as Exhibit C.

43.     Recent silicon technology advances have placed increased demand for high

density signal routing on organic BGA substrates. Increased signal routing density in the

substrate is obtained by using fine pitch vias through the core so that routing layers below the

core can be efficiently utilized. The via pitch reduction requires the use of thin core substrates

which are susceptible to warpage during thermal excursions. Typically, the regions are under the

die corner are regions of stress concentration. Under cycled thermal excursions, cracks can

initiate from the ball pad edges and spread into the layers above the ball pad layer.

44.     The '245 patent is generally related to a semiconductor package for a die with

improved thermal cycling reliability. To eliminate package failures and occurrences cracks in

signal traces, the '245 patent teaches routing of signals away from the high stress area associated

with the ball pads and the corner of the die.

45.     The '245 patent contains 2 independent claims and 12 total claims, covering an

integrated circuit substrate. Claim 1 of the '245 patent reads:

> 1.  A semi-conductor package comprising:
>
>     a top layer having a die mounted thereon, said die having a corner;
>     and
>
>     a plurality of layers under the top layer, said plurality of layers
>     comprising a bottom routing layer having signal traces thereon, and

a ball pad layer under the bottom routing layer, said ball pad layer having a plurality of ball pads, wherein none of the signal traces of the bottom routing layer are located over ball pads of the ball pad layer which are disposed in an area within two ball pad pitches of the corner of the die.

46.     This claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, e.g., improving system reliability by avoiding functional failures from cracks in the signal traces caused by thermal cycling stresses under the die corner.

### U.S. PATENT NO. 7,345,091

47.     Bell Semiconductor owns by assignment the entire right, title, and interest in the '091 patent, entitled "Semiconductor Package and Method Using Isolated Vss Plane to Accommodate High Speed Circuitry Ground Isolation," which issued on January 12, 2010.

48.     The '091 patent issued to inventors Maurice Othieno, Chok Chia, and Amar Amin from United States Patent Application No. 11/399,723, filed April 6, 2006. A true and correct copy of the '091 patent is attached as Exhibit D.

49.     Modern integrated circuits require both low-speed and high-speed circuitry. Excessive noise generated by the high-speed circuitry interferes with the operation of the low-speed circuitry sharing the same ground plane. At high data rates this is a serious problem. Additionally, at high system performance the problem of ground bounce is magnified.

50.     In order to eliminate those problems, the '091 patent teaches the use of a dedicated high-speed ground plane that is electrically isolated from the ground plane used to ground the low-speed circuitry. As described in the '091 patent, a semiconductor integrated circuit package includes a substrate which can have an integrated circuit die attached to it. The package may include a dedicated high-speed ground plane that is electrically isolated from the ground plane used to ground the low-speed circuitry of the package.

51.     The '091 patent contains 1 independent claim and 14 total claims, covering an integrated circuit substrate. Claim 1 of the '091 patent reads:

1. A semiconductor integrated circuit (IC) package which comprises:

a substrate having a first surface and a second surface wherein;

a first layer of the substrate includes,

a first ground plane enabling electrical connection with low speed electronic circuitry, and

a second ground plane that is spatially separated and electrically isolated from the first ground plane, the second ground plane enabling electrical connection with high speed electronic circuitry;

a second layer of the substrate includes,

a third ground plane configured for electrical connection with low speed electronic circuitry, and

a fourth ground plane that is spatially separated and electrically isolated from the third ground plane, the third ground plane configured for electrical connection with high speed electronic circuitry;

a plurality of electrical connections that electrically connect the first ground plane with solder balls mounted on the second surface of the substrate;

a plurality of additional electrical connections that electrically connect the second ground plane with solder balls mounted on the second surface of the substrate; and

peripheral electrical contacts arranged on the substrate and configured for connection with electronic circuitry external to the package; and

at least one reference plane associated with each layer of the substrate and the ground planes included thereon.

52.     This claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, e.g., improving system performance by reducing cross-talk and ground-bounce.

## U.S. PATENT NO. 6,818,953

53.     Bell Semiconductor owns by assignment the entire right, title, and interest in the '953 patent, entitled "Protection of an integrated circuit against electrostatic discharges and other overvoltages," which issued on November 16, 2004.

54.     The '953 patent issued to inventors Alexandre Malherbe and Fabrice Blisson from United States Patent Application No. 10/278,434, filed October 23, 2002. A true and correct copy of the '953 patent is attached as Exhibit E.

55.     Modern integrated circuits are very sensitive to electrostatic discharges and other overvoltages, which can damage the circuitry and destroy or create connections within the IC. ESD circuits prior to the '953 patent could take up approximately 10% of the chip core, which presented a barrier to further miniaturization.

56.     However, prior art circuits protecting against ESD tended to be bulky, which became especially problematic as circuits and features became smaller.  The '953 patent overcame these size and space issues by teaching that it would provide an improved ESD circuit to arrange the supply conductors in a rail and then integrate the switch for short-circuiting supply conductors of the ESD circuit in the rail under the supply conductors.

57.     The '953 patent contains 4 independent claim and 13 total claims, covering an integrated circuit. Claim 1 of the '953 patent reads:

> 1. An integrated circuit including at least one element of electronic protection of a circuit formed of at least one switch for short-circuiting supply conductors arranged in a rail, wherein the switch is integrated in the rail, under the conductors.

58.     This claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, e.g., improving system performance, reliability, and resilience by providing improved circuits protecting against overvoltages such as ESD.

**U.S. PATENT NO. 8,319,343**

59.     Bell Semiconductor owns by assignment the entire right, title, and interest in the

'343 patent, entitled "Routing Under Bond Pad for the Replacement of an Interconnect Layer,"

which issued on November 27, 2012.

60.     The '343 patent issued to inventors Vance D. Archer, III; Michal C. Ayukawa,

Mark A. Bachman, Daniel P. Chesire, Seung H. Kang, Tacho Kook, Sallesh M. Merchant, and

Kurt Steiner from United States Patent Application No. 11/469,960, filed September 5, 2006. A

true and correct copy of the '343 patent is attached as Exhibit F.

61.     Prior to the '343 patent, the conventional flip-chip assembly techniques required

fabricating an aluminum alloy bond pad over the copper bond pad prior to fabricating the flip

chip bump.  This structure requires an additional interconnect metallization layer to electrically

connect the aluminum alloy bond pad with the underlying active devices, which requires costly

additional processing and masking steps.

62.     The '343 patent teaches a novel routing under a bond pad structure that replaces

an interconnect layer.  This allows removing a layer of interconnect, which in tern reduces RC

delays and provides higher reliability.

63.     The '343 patent contains 2 independent claims and 10 total claims, covering a

semiconductor device. Claim 1 of the '343 patent reads:

> 1. A semiconductor device, comprising:
>
> > a bond pad layer, comprising aluminum or an alloy thereof and
> > including at least one bond pad segment and at least one interconnect
> > runner segment,
> >
> > wherein the at least one interconnect runner segment and the at least
> > one bond pad segment are located on a same level within the
> > semiconductor device and extend through openings in a first
> > passivation layer located under the bond pad layer to at least one
> > copper runner segment of a final metallization layer located under
> > the passivation layer and to electrically couple the at least one

interconnect runner segment and the at least one bond pad segment to different portions of the final metallization layer;

a second passivation layer located over the first passivation layer and the bond pad layer the second passivation layer having a solder bump opening located therein that exposes the bond pad segment; and

an under bump metallization (UBM) layer located in the Solder bump opening and physically, contacting the exposed bond bad segment.

64.     This claim, as a whole, provides significant benefits and improvements to the function of the semiconductor device, such as by reducing the number of metallization layers and interconnects, the processing steps needed to form them, and the costs thereof.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (MICRON)

65.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

66.     The '340 patent is valid and enforceable under the United States patent laws.

67.     Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '340 patent, including the right to collect for past damages.

68.     On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices, including as two examples the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM and the DM02A1 SSD Controller (located in at least the Micron 3400 and Crucial P5 Plus SSDs), in the United States.

69.     An exemplary claim chart demonstrating Micron's infringement of the '340 patent by the exemplary MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM is attached hereto as Exhibit G.

70.     Micron's Accused Products infringed and continue to infringe one or more claims of the '340 patent during the pendency of the '340 patent.

71.     Micron's infringement of the '340 patent was, and continues to be, done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that Micron is infringing the '340 patent. On February 11, 2020, a representative of Bell Semiconductor provided actual notice to Micron of the '340 patent. Micron's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

72.     Micron's infringement of the '340 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

73.     Bell Semiconductor has been damaged by Micron's infringement of the '340 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

74.     Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (MICRON)

75.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

76.     The '269 patent is valid and enforceable under the United States patent laws.

77.     Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '269 patent, including the right to collect for past damages.

78.     On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices, including as one example the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM, in the United States.

79.     A claim chart demonstrating Micron's infringement of the '269 patent is attached hereto as Exhibit H.

80.     Micron's Accused Products infringed and continue to infringe one or more claims of the '269 patent during the pendency of the '269 patent.

81.     Micron's infringement of the '269 patent was, and continues to be, done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that Micron is infringing the '269 patent. On February 11, 2020, a representative of Bell Semiconductor provided actual notice to Micron of the '269 patent. Micron's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

82.     Micron's infringement of the '269 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

83.     Bell Semiconductor has been damaged by Micron's infringement of the '269 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell

Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

84.     Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,345,245 (MICRON)

85.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

86.     The '245 patent is valid and enforceable under the United States patent laws.

87.     Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '245 patent, including the right to collect for past damages.

88.     On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '245 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices, including as one example the T15SB1 SSD Controller (located at least in the Micron 2200 SSD), in the United States.

89.     A claim chart demonstrating Micron's infringement of the '245 patent is attached hereto as Exhibit I.

90.     Micron's Accused Products infringed and continue to infringe one or more claims of the '245 patent during the pendency of the '245 patent.

91.     Micron's infringement of the '245 patent was, and continues to be, done with knowledge of the '245 patent and with knowledge of Bell Semiconductor's contention that

Micron is infringing the '245 patent. On June 29, 2021, a representative of Bell Semiconductor provided actual notice to Micron of the '245 patent. Micron's infringement of the '245 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

92.     Micron's infringement of the '245 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

93.     Bell Semiconductor has been damaged by Micron's infringement of the '245 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

94.     Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '245 patent, including without limitation and/or not less than a reasonable royalty.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,646,091 (MICRON)**

95.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

96.     The '091 patent is valid and enforceable under the United States patent laws.

97.     Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '091 patent, including the right to collect for past damages.

98.     On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '091 patent by making, using, offering to sell, and/or selling within the

United States, or importing into the United States, one or more semiconductor devices, including as one example the T15SB1 SSD Controller (located at least in the Micron 2200 SSD), in the United States.

99.    A claim chart demonstrating Micron's infringement of the '091 patent is attached hereto as Exhibit J.

100.    Micron's Accused Products infringed and continue to infringe one or more claims of the '091 patent during the pendency of the '091 patent.

101.    Micron's infringement of the '091 patent was, and continues to be, done with knowledge of the '091 patent and with knowledge of Bell Semiconductor's contention that Micron is infringing the '091 patent. On June 29, 2021, a representative of Bell Semiconductor provided actual notice to Micron of the '091 patent. Micron's infringement of the '091 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

102.    Micron's infringement of the '091 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

103.    Bell Semiconductor has been damaged by Micron's infringement of the '091 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

104.    Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '091 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,319,343 (MICRON)

105.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

106.    The '343 patent is valid and enforceable under the United States patent laws.

107.    Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '343 patent, including the right to collect for past damages.

108.    On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '343 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices, including as one example the T15SB1 SSD Controller (located at least in the Micron 2200 SSD), in the United States.

109.    A claim chart demonstrating Micron's infringement of the '343 patent is attached hereto as Exhibit K.

110.    Micron's Accused Products infringed and continue to infringe one or more claims of the '343 patent during the pendency of the '343 patent.

111.    Micron's infringement of the '343 patent was, and continues to be, done with knowledge of the '343 patent and with knowledge of Bell Semiconductor's contention that Micron is infringing the '343 patent. On September 23, 2021, a representative of Bell Semiconductor provided actual notice to Micron of the '343 patent. Micron's infringement of the

'343 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

112.     Micron's infringement of the '343 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

113.     Bell Semiconductor has been damaged by Micron's infringement of the '343 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

114.     Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '343 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,818,953 (MICRON)

115.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

116.     The '953 patent is valid and enforceable under the United States patent laws.

117.     Bell Semiconductor owns, by assignment, all right, title, and interest in and to the '953 patent, including the right to collect for past damages.

118.     On information and belief, Micron has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '953 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices, including as one example the MT41K512 M8RH 4GB DDR3 SDRAM, in the United States.

119.    A claim chart demonstrating Micron's infringement of the '953 patent is attached hereto as Exhibit L.

120.    Micron's Accused Products infringed and continue to infringe one or more claims of the '953 patent during the pendency of the '953 patent.

121.    Micron's infringement of the '953 patent was, and continues to be, done with knowledge of the '953 patent and with knowledge of Bell Semiconductor's contention that Micron is infringing the '953 patent. On December 13, 2021, a representative of Bell Semiconductor provided actual notice to Micron of the '953 patent. Micron's infringement of the '953 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

122.    Micron's infringement of the '953 patent is exceptional and entitles Bell Semiconductor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

123.    Bell Semiconductor has been damaged by Micron's infringement of the '953 patent and will continue to be damaged unless Micron is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

124.    Bell Semiconductor is entitled to recover from Micron all damages that Bell Semiconductor has sustained as a result of Micron's infringement of the '953 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (AMD)

125.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

126.     On information and belief, AMD has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include graphics cards, such as the AMD Radeon RX 5700 XT and Radeon RX 6000, that incorporate Micron's accused GDDR5, GDDR6, or GDDR6 units, such as the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM.

127.     As regards the infringement allegations set forth in this Complaint relating to Micron Accused Products, at least as of the date of this Complaint, AMD's infringement of the '340 patent is and continues to be done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that AMD is infringing the '340 patent. AMD's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

128.     Bell Semiconductor has been damaged by AMD's infringement of the '340 patent and will continue to be damaged unless AMD is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

129.     Bell Semiconductor is entitled to recover from AMD all damages that Bell Semiconductor has sustained as a result of AMD's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (AMD)

130.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

131.    On information and belief, AMD has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include graphics cards, such as the AMD Radeon RX 5700 XT and Radeon RX 6000, that incorporate Micron's accused GDDR5, GDDR6, or GDDR6 units, such as the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM.

132.    As regards the infringement allegations set forth in this Complaint relating to Micron Accused Products, AMD's infringement of the '269 patent is and continues to be done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that AMD is infringing the '269 patent. AMD's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

133.    Bell Semiconductor has been damaged by AMD's infringement of the '269 patent and will continue to be damaged unless AMD is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

134.    Bell Semiconductor is entitled to recover from AMD all damages that Bell Semiconductor has sustained as a result of AMD's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (CDW)

135.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

136.    On information and belief, CDW has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are or include a GeForce RTX 3000-series graphics card (each containing at least one accused Micron GDDR5, GDDR6, or GDDR6X SGRAM).

137.    At least as of the date of this Complaint, CDW's infringement of the '340 patent is and continues to be done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that CDW is infringing the '340 patent. CDW's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

138.    Bell Semiconductor has been damaged by CDW's infringement of the '340 patent and will continue to be damaged unless CDW is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

139.     Bell Semiconductor is entitled to recover from CDW all damages that Bell Semiconductor has sustained as a result of CDW's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

**COUNT X – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (CDW)**

140.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

141.     On information and belief, CDW has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are or include a GeForce RTX 3000-series graphics card (each containing at least one accused Micron GDDR5, GDDR6, or GDDR6X SGRAM).

142.     At least as of the date of this Complaint, CDW's infringement of the '269 patent is and continues to be done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that CDW is infringing the '269 patent. CDW's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

143.     Bell Semiconductor has been damaged by CDW's infringement of the '269 patent and will continue to be damaged unless CDW is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

144.     Bell Semiconductor is entitled to recover from CDW all damages that Bell Semiconductor has sustained as a result of CDW's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

**COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 7,064,091 (CDW)**

145.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

146.     On information and belief, CDW has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '091 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are or include Micron 3400 series and Crucial P5 Plus series SSDs (each containing a Micron DM02A1 SSD Controller).

147.     At least as of the date of this Complaint, CDW's infringement of the '091 patent is and continues to be done with knowledge of the '091 patent and with knowledge of Bell Semiconductor's contention that CDW is infringing the '091 patent. CDW's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

148.     Bell Semiconductor has been damaged by CDW's infringement of the '269 patent and will continue to be damaged unless CDW is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

149.     Bell Semiconductor is entitled to recover from CDW all damages that Bell Semiconductor has sustained as a result of CDW's infringement of the '091 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 7,345,245 (CDW)

150.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

151.     On information and belief, CDW has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '245 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are or include Micron 3400 series and Crucial P5 Plus series SSDs (each containing a Micron DM02A1 SSD Controller).

152.     At least as of the date of this Complaint, CDW's infringement of the '245 patent is and continues to be done with knowledge of the '245 patent and with knowledge of Bell Semiconductor's contention that CDW is infringing the '245 patent. CDW's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

153.     Bell Semiconductor has been damaged by CDW's infringement of the '245 patent and will continue to be damaged unless CDW is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

154.    Bell Semiconductor is entitled to recover from CDW all damages that Bell Semiconductor has sustained as a result of CDW's infringement of the '245 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT XIII – INFRINGEMENT OF U.S. PATENT NO. 8,319,343 (CDW)

155.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

156.    On information and belief, CDW has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '343 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are or include Micron 3400 series and Crucial P5 Plus series SSDs (each containing a Micron DM02A1 SSD Controller).

157.    At least as of the date of this Complaint, CDW's infringement of the '343 patent is and continues to be done with knowledge of the '343 patent and with knowledge of Bell Semiconductor's contention that CDW is infringing the '343 patent. CDW's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

158.    Bell Semiconductor has been damaged by CDW's infringement of the '343 patent and will continue to be damaged unless CDW is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

159.     Bell Semiconductor is entitled to recover from CDW all damages that Bell Semiconductor has sustained as a result of CDW's infringement of the '343 patent, including without limitation and/or not less than a reasonable royalty.

**COUNT XIV – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (DELL)**

160.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

161.     On information and belief, Dell has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include Dell PCs assembled, sold, or offered for sale with a Micron 2200 series SSD (containing an accused Micron T15SB1 SSD Controller); and Dell PCs assembled, sold, or offered for sale with nVidia Titan RTX series, nVidia GeForce RTX 3000 series, AMD Radeon RX 5700 XT, and/or AMD Radeon RX 6000 graphics cards, each of which contains at least one accused Micron GDDR5, GDDR6 or GDDR6X SGRAM unit.

162.     At least as of the date of this Complaint, Dell's infringement of the '340 patent is and continues to be done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that Dell is infringing the '340 patent. Dell's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

163.     Bell Semiconductor has been damaged by Dell's infringement of the '340 patent and will continue to be damaged unless Dell is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law.

The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

164.    Bell Semiconductor is entitled to recover from Dell all damages that Bell Semiconductor has sustained as a result of Dell's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT XV – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (DELL)

165.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

166.    On information and belief, Dell has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement are, or include Dell PCs assembled, sold, or offered for sale with, nVidia Titan RTX series, nVidia GeForce RTX 3000 series, AMD Radeon RX 5700 XT, and/or AMD Radeon RX 6000 graphics cards, each of which contains at least one Micron GDDR5, GDDR6 or GDDR6X SGRAM unit.

167.    At least as of the date of this Complaint, Dell's infringement of the '269 patent as set forth herein is and continues to be done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that Dell is infringing the '269 patent. Dell's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

168.    Bell Semiconductor has been damaged by Dell's infringement of the '269 patent and will continue to be damaged unless Dell is enjoined by this Court. Bell Semiconductor has

suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

169.    Bell Semiconductor is entitled to recover from Dell all damages that Bell Semiconductor has sustained as a result of Dell's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT XVI – INFRINGEMENT OF U.S. PATENT NO. 7,345,245 (DELL)

170.    On information and belief, Dell has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '245 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include products that are or incorporate a Micron 2200-series SSD (containing an accused Micron T15SB1 SSD Controller).

171.    At least as of the date of this Complaint, Dell's infringement of the '245 patent is and continues to be done with knowledge of the '245 patent and with knowledge of Bell Semiconductor's contention that Dell is infringing the '245 patent. Dell's infringement of the '245 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

172.    Bell Semiconductor has been damaged by Dell's infringement of the '245 patent and will continue to be damaged unless Dell is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

173.    Bell Semiconductor is entitled to recover from Dell all damages that Bell Semiconductor has sustained as a result of Dell's infringement of the '245 patent, including without limitation and/or not less than a reasonable royalty.

**COUNT XVII – INFRINGEMENT OF U.S. PATENT NO. 7,646,091 (DELL)**

174.    On information and belief, Dell has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '091 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include products that are or incorporate a Micron 2200-series SSD (containing an accused Micron T15SB1 SSD Controller).

175.    At least as of the date of this Complaint, Dell's infringement of the '091 patent is and continues to be done with knowledge of the '091 patent and with knowledge of Bell Semiconductor's contention that Dell is infringing the '091 patent. Dell's infringement of the '091 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

176.    Bell Semiconductor has been damaged by Dell's infringement of the '091 patent and will continue to be damaged unless Dell is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

177.    Bell Semiconductor is entitled to recover from Dell all damages that Bell Semiconductor has sustained as a result of Dell's infringement of the '091 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT XVIII – INFRINGEMENT OF U.S. PATENT NO. 8,319,343 (DELL)

178.    On information and belief, Dell has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '343 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include products that are or incorporate Micron 2200-series SSD (containing an accused Micron T15SB1 SSD Controller).

179.    At least as of the date of this Complaint, Dell's infringement of the '343 patent is and continues to be done with knowledge of the '343 patent and with knowledge of Bell Semiconductor's contention that Dell is infringing the '343 patent. Dell's infringement of the '343 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

180.    Bell Semiconductor has been damaged by Dell's infringement of the '343 patent and will continue to be damaged unless Dell is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

181.    Bell Semiconductor is entitled to recover from Dell all damages that Bell Semiconductor has sustained as a result of Dell's infringement of the '343 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (HP)

182.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

183.    On information and belief, HP has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include HP PCs assembled, sold, or offered for sale with a Micron 3400 SSD (containing an accused Micron DM02A1 SSD Controller), such as at least one configuration of the HP z2 Mini G9 Workstation available circa April 2022; and HP PCs assembled, sold, or offered for sale with nVidia Titan RTX series, nVidia GeForce RTX 3000 series, AMD Radeon RX 5700 XT, and/or AMD Radeon RX 6000 graphics cards, each of which contains at least one Micron accused GDDR5, GDDR6 or GDDR6X SGRAM unit..

184.    At least as of the date of this Complaint, HP's infringement of the '340 patent is and continues to be done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that HP is infringing the '340 patent. HP's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

185.    Bell Semiconductor has been damaged by HP's infringement of the '340 patent and will continue to be damaged unless HP is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

186.    Bell Semiconductor is entitled to recover from HP all damages that Bell Semiconductor has sustained as a result of HP's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT XX – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (HP)

187.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

188.    On information and belief, HP has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include HP PCs assembled, sold, or offered for sale with nVidia Titan RTX series, nVidia GeForce RTX 3000 series, AMD Radeon RX 5700 XT, and/or AMD Radeon RX 6000 graphics cards, each of which contains at least one accused Micron GDDR5, GDDR6 or GDDR6X SGRAM unit.

189.    At least as of the date of this Complaint, HP's infringement of the '269 patent is and continues to be done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that HP is infringing the '269 patent. HP's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

190.    Bell Semiconductor has been damaged by HP's infringement of the '269 patent and will continue to be damaged unless HP is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law.

The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

191.    Bell Semiconductor is entitled to recover from HP all damages that Bell Semiconductor has sustained as a result of HP's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

## COUNT XXI – INFRINGEMENT OF U.S. PATENT NO. 8,049,340 (NVIDIA)

192.    Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

193.    On information and belief, NVIDIA has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '340 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include graphics cards, such as the nVidia Titan RTX and nVidia GeForce RTX 3000 series, that incorporate accused Micron GGDR5, GDDR6, or GDDR6X SGRAM units, such as the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM**.**

194.    As regards the infringement allegations set forth in this Complaint relating to Micron Accused Products, NVIDIA's infringement of the '340 patent was, as of the date of this Complaint, and continues to be, done with knowledge of the '340 patent and with knowledge of Bell Semiconductor's contention that NVIDIA is infringing the '340 patent thereby.  NVIDIA's infringement of the '340 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

195.    Bell Semiconductor has been damaged by NVIDIA's infringement of the '340 patent and will continue to be damaged unless NVIDIA is enjoined by this Court. Bell

Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

196.     Bell Semiconductor is entitled to recover from NVIDIA all damages that Bell Semiconductor has sustained as a result of NVIDIA's infringement of the '340 patent, including without limitation and/or not less than a reasonable royalty.

### COUNT XXII – INFRINGEMENT OF U.S. PATENT NO. 8,288,269 (NVIDIA)

197.     Bell Semiconductor re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

198.     On information and belief, NVIDIA has infringed and continues to directly infringe, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) one or more claims of the '269 patent by making, using, offering to sell, and/or selling within the United States, or importing into the United States, one or more semiconductor devices in the United States.  By way of example and not limitation, the products giving rise to claims of infringement include graphics cards, such as the nVidia Titan RTX and nVidia GeForce RTX 3000 series, that incorporate accused Micron GGDR5, GDDR6, or GDDR6X SGRAM units, such as the MT61K256M32JE-14 (D9WCW) 8GB GDDR6 SGRAM.

199.     As regards the infringement allegations set forth in this Complaint relating to Micron Accused Products, NVIDIA's infringement of the '269 patent was, at least as of the date of this Complaint, and continues to be, done with knowledge of the '269 patent and with knowledge of Bell Semiconductor's contention that NVIDIA is infringing the '269 patent. NVIDIA's infringement of the '269 patent is thus willful and deliberate, entitling Bell Semiconductor to enhanced damages and attorneys' fees.

200.    Bell Semiconductor has been damaged by NVIDIA's infringement of the '269 patent and will continue to be damaged unless NVIDIA is enjoined by this Court. Bell Semiconductor has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Bell Semiconductor, and public interest is not disserved by an injunction.

201.    Bell Semiconductor is entitled to recover from NVIDIA all damages that Bell Semiconductor has sustained as a result of NVIDIA's infringement of the '269 patent, including without limitation and/or not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Bell Semic respectfully requests that this Court enter judgment in its favor as follows and award Bell Semic the following relief:

(a)    a judgment declaring that each Defendant has infringed one or more claims of each of the Asserted Patents in this litigation pursuant to 35 U.S.C. § 271, *et seq.*;

(b)    an award of damages adequate to compensate Bell Semic for infringement of the Asserted Patents by each Defendant, in an amount to be proven at trial, including supplemental post-verdict damages until such time as each Defendant ceases its infringing conduct;

(c)    a permanent injunction, pursuant to 35 U.S.C. § 283, prohibiting each Defendant and its officers, directors, employees, agents, consultants, contractors, suppliers, distributors, all affiliated entities, and all others acting in privity with each Defendant, from committing further acts of infringement;

(d)    a judgment requiring each Defendant to make an accounting of damages resulting from its infringement of the Asserted Patents;

(e)    the costs of this action, as well as attorneys' fees as provided by 35 U.S.C. § 285;

(f)    pre-judgment and post-judgment interest at the maximum amount permitted by law;

(g)    all other relief, in law or equity, to which Bell Semic is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: September 30, 2022

/s/ Timothy Devlin
Timothy Devlin
tdevlin@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Jason Sheasby (pro hac vice)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010
Fax: (310) 203-7199
Email:JSheasby@irell.com

*Attorneys for Plaintiff Bell Semiconductor, LLC*